IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARBITRATIONCHAMPIONS.COM GERALD COLLETTE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07CV00246 |
| THE COUNCILORS OF THE NORTH CAROLINA STATE BAR, | ) ) ) | |
| Defendants | ) ) | |

MEMORANDUM OPINION

This matter is currently before the Court on the following motions: (1) ArbitrationChampions.Com and Gerald Collette's (collectively "Plaintiffs") Motion for Summary Judgment [Doc. # 5]; (2) The Councilors of the North Carolina State Bar's (Defendants) Motion to Dismiss [Doc. # 12]; and (3) Plaintiff's Motion to Withdraw Request for Injunctive Relief [Doc. # 18]. For the reasons set forth below, the Motion to Dismiss will be GRANTED. The remaining motions will be DENIED as MOOT.

I.

As alleged in the Complaint, Plaintiff Gerald Collette is "a citizen of North Carolina but is not a member of the North Carolina State Bar or any other bar." [Doc. # 1, ¶ 3]. Plaintiffs assert that under the Federal Arbitration Act ("FAA"), as well as under the procedural rules promulgated by the "three major national arbitration organizations," which allow parties to be represented by individuals who

are not licensed attorneys, he has a civil right to represent parties to such arbitrations even though he is not a member of a state bar. [Doc. # 1, ¶¶ 7-8, 11-12]. Plaintiffs further assert that "defendants have threatened to bring action against [them] for representing parties to Federal Arbitrations," and that defendants' actions constitute a deprivation of Plaintiffs' "rights, privileges, and/or immunities secured by the Constitution and laws of the United States, under color of state law." [Doc. # 1, ¶¶ 9-10]

Plaintiffs seek entry of a declaratory judgment declaring the following: (1) "Federal law governs the representation, and activities incidental thereto, of parties to Federal Arbitrations"; (2) "Federal law provides that arbitration agreements determine the rules and procedures . . . under which such Federal Arbitrations are conducted"; and (3) the "laws of North Carolina pertaining to the practice of law are not enforceable to the extent that they conflict with federal law." [Doc. # 1 at 4]. In essence, Plaintiffs seek a declaration that pursuant to federal law, a person – whether an attorney or not and whether licensed or not – has a right to represent parties in arbitration, despite state law to the contrary.

II.

Defendants have moved to dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. In particular, Defendants assert that Plaintiffs do not have standing to seek a declaratory judgment because there is not an actual controversy between the parties.

The Declaratory Judgment Act ("DJA") provides that "[i]n a case of actual

controversy within its jurisdiction," federal courts may "declare the rights and other legal relations of any interested party seeking such judgment." 28 U.S.C. § 2201. The Fourth Circuit has explained that the "actual controversy" language of the DJA requires "the dispute must be a 'case or controversy' within the confines of Article III of the United States Constitution." White v. Nat'l Union Fire Ins. Co., 913 F.2d 165, 167 (4th Cir.1990). The case or controversy requirement ensures that a judgment would not constitute merely an impermissible advisory opinion. Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (explaining that "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them") (citation omitted).

For a dispute to constitute a case or controversy, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-242 (1937). In making this determination, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

In this case, Plaintiffs have alleged that the "defendants have threatened to bring action against the plaintiffs for representing parties to Federal Arbitrations."

[Doc. #1, ¶ 9]. Plaintiffs do not provide any other details regarding the allegedly threatened action. For instance, it is not clear whether Defendants have threatened to file a civil action against Plaintiffs or whether Defendants have merely informed Plaintiffs that they may, at some undetermined point in the future, conduct an investigation of Plaintiffs' activities.

The Fourth Circuit has held that a specific threat of litigation may be sufficient to give rise to a case or controversy in certain circumstances. See Volvo Const. Equip. N. Am. Inc. v. CLM Equip. Co., 386 F.3d 581, 593 n.12 (4th Cir. 2004) (noting that "the initiation of litigation against Volvo and the threats of future litigation" were sufficient to constitute a controversy for purposes of the DJA). In this case, however, Plaintiffs' Complaint contains no factual allegations that would suggest future litigation by Defendants is a real threat. See Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir.1985) ("The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments.").

Moreover, in similar situations, courts have found that allegations such as the vague "threatened to bring action" language contained in Plaintiffs' Complaint are insufficient to constitute a case or controversy. See McFadden v. Stephens, 253 F. 3d 702, 702 (5th Cir. 2001) (affirming district court's dismissal of declaratory judgment action for failure to allege a case or controversy where plaintiff physician sought declaration that a potential investigation into his medical practice by the State Board of Medical Licensure would violate his constitutional

rights); Olitt v. Vacco, No. 97Civ.3525, 1998 WL 901727, at *3 (S.D.N.Y. Dec. 28, 1998) (dismissing disbarred attorney's declaratory judgment action seeking declaration that he was "entitled to represent parties to securities arbitrations as their advocate" for failure to state an actual controversy where complaints to the state bar Grievance Committee had been filed against plaintiff but no action had been taken on the complaints).

III.

For the reasons stated above, ArbitrationChampions.Com and Gerald Collette's Motion for Summary Judgment [Doc. # 5] is DENIED as MOOT. The Councilors of the North Carolina State Bar's Motion to Dismiss [Doc. # 12] is GRANTED. Plaintiff's Motion to Withdraw Request for Injunctive Relief [Doc. # 18] is DENIED as MOOT. This matter is DISMISSED.

This the day of November 16, 2007

   /s/ N. Carlton Tilley, Jr.
United States District Judge